**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| WILLIE B. BUCHANAN, II,  )<br>  )<br>     Plaintiff,  )<br>  )<br>     v.  )<br>  )<br>MARTIN O'MALLEY,  )<br>     *Comm'r of Soc. Sec.*,  )<br>  )<br>     Defendant.  )  | CASE NO. 5:24-cv-00009<br><br>JUDGE DAVID A. RUIZ<br><br><br><br>**MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Reuben J. Sheperd. R. 12. On January 3, 2024, Plaintiff Willie Buchanan, II, filed his Complaint, (R. 1), challenging the final decision of the Commissioner of Social Security denying his application for disability insurance benefits (DIB) and supplemental security income (SSI). Pursuant to Local Rule 72.2, the case was referred to the Magistrate Judge.

On October 24, 2024, the Magistrate Judge issued his Report and Recommendation (R&R). The Magistrate Judge recommends that the Court vacate and remand the Commissioner's decision for proceedings consistent with the Report and Recommendation. (R. 12). The Commissioner filed objections within the fourteen-day deadline. (R. 13). Plaintiff filed a response. (R. 14).

For the reasons stated below, Commissioner's objections, (R. 13), are overruled and the Report and Recommendation, (R. 12), is adopted.

## I. Standard of Review

When a magistrate judge submits an R&R, a reviewing court is required to conduct a de novo review of those portions of the R&R to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the R&R must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's decision] is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The court's review of the Commissioner's decision is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the Administrative Law Judge (ALJ). *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence but less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers

can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). In determining whether substantial evidence supports the ALJ's findings in the instant matter, however, the Court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

## II. Analysis

### A. Background

The Court adopts and incorporates the recitation of the factual and treatment history from the R&R. (R. 12). As is relevant here, the ALJ found that among other impairments, Plaintiff had severe impairments of "cervical radiculopathy, … right shoulder impingement syndrome, bilateral carpal tunnel syndrome, [and] left ulnar nerve lesion." (R. 6, PageID# 42, Tr. 14). The ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform light work except that he "can frequently reach with the right upper extremity[] and can frequently handle and finger with the bilateral upper extremities." (*Id.* at PageID# 44, Tr. 16). In making this determination, the ALJ considered the medical-opinion evidence in the record, Plaintiff's subjective statements, and some of the objective medical evidence in the record. (*See id.* at

PageID# 44–48, Tr. 16–20).

The ALJ concluded that Plaintiff's "allegations of his hands locking up and acute pain in the right shoulder [we]re not corroborated by the record." (*Id.* at PageID# 46, Tr. 18). The ALJ acknowledged that Plaintiff had "a history of carpal tunnel syndrome, ulnar nerve impingement, and right shoulder impingement," which "somewhat overlap[ped] with EMG findings of probable cervical radiculopathy." *Id.* Nevertheless, the ALJ reasoned that the EMG findings were "subacute in severity" and physical examinations had "consistently shown … full muscle strength and range of motion in both upper extremities." *Id.* (citing *id.* at PageID# 628, 630, Tr. 600, 602). The ALJ further reasoned that Plaintiff had "not shown any significant tenderness over the right shoulder joint" and the record did not "document any episodes of his hands being locked up." *Id.* (citing *id.* at PageID# 611, Tr. 583).

However, the ALJ's analysis omitted certain objective medical evidence from the relevant time period of Plaintiff's claims. An October 2017 physical examination was "indicative of mostly subacromial impingement syndrome possibly with a component of biceps tendonitis." (*Id.* at PageID# 713, Tr. 685). Imaging in September 2020 showed "slight sclerosis at the rotator cuff insertion." (*Id.* at PageID# 811, Tr. 783). On examination in October 2017 and February and May 2018, Plaintiff had pain in his bicipital groove. (*Id.* at PageID# 690, 704, 712, Tr. 662, 676, 684). From October 2017 to July 2019, he had several steroid injections to treat "chronic shoulder pain" in his right shoulder. (*Id.* at PageID# 663, 683–84, 689–93, 703–07, 712–14, Tr. 635, 655–56, 661–65, 675–79, 684–86). In April 2019, he reported to his doctor that "his fingers ha[d] been 'locking up' on him throughout the day." (*Id.* at PageID# 680, Tr. 652). His doctor found that his symptoms were consistent with recurrent left carpal tunnel syndrome and suspected median neuritis. (*Id.* at PageID# 681, Tr. 653).

As relevant here, Plaintiff's Brief on the Merits set forth an assignment of error that the ALJ's RFC determination that Plaintiff could frequently reach with his right upper extremity and frequently handle and finger bilaterally was not supported by substantial evidence. (R. 8, PageID# 1418–21). Specifically, Plaintiff argues that because the ALJ did not adequately evaluate evidence of the impairments in his upper extremities, the ALJ failed to build an accurate and logical bridge between the evidence cited and his RFC determination. *Id.* Plaintiff contends that if properly evaluated, the severe impairments in his upper extremities would yield RFC limitations that would be work preclusive. (*Id.* at PageID# 1420).

The Magistrate Judge recommended vacating the ALJ's decision and remanding the matter for further proceedings consistent with the R&R. (R. 12, PageID# 1456). The R&R noted that the ALJ misstated the record and omitted objective medical evidence of Plaintiff's right shoulder pain and episodes of his hands locking up. (*Id.* at PageID# 1478). The R&R concluded that the ALJ "did not build an accurate and logical bridge between the evidence … and the RFC determination." (*Id.* at PageID# 1479 (citing *Fleishcer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011))). It reasoned that given the ALJ's misstatements and omissions, the Magistrate Judge could not "determine whether the ALJ discredited or merely overlooked the relevant evidence in the record." *Id.* (citing *Shrader v. Astrue*, No. 11-13000, 2012 WL 5383120, at *6 (E.D. Mich. Nov. 1, 2012)).

**B. Objections**

The Commissioner objects to the Magistrate Judge's "finding that the ALJ failed to 'build an accurate and logical bridge' between the evidence and" the RFC limitations regarding Plaintiff's abilities to reach, finger, and handle. (R. 13, PageID# 1481 (citing R. 12, PageID# 1477)). The Commissioner argues that the Court should not adopt this conclusion because "the

ALJ carefully considered and discussed" the record evidence "when evaluating Plaintiff's upper extremity impairments," and "the Sixth Circuit has upheld similar analyses." (*Id.* at PageID# 1481–82). The Commissioner notes that the ALJ "acknowledged that" Plaintiff's subacromial impingement syndrome with a component of biceps tendonitis "was a severe impairment" but determined based on the evidence that it did not warrant greater RFC limitations. (*Id.* at PageID# 1482–83). He further notes that the record included only one self-report to a doctor that Plaintiff's fingers locked up and that the ALJ "need not credit a claimant's self-reported allegations merely because they are documented within a treatment note." (*Id.* at PageID# 1483).

The Commissioner is correct that an ALJ need not discuss "all the evidence submitted" and that "an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004). Nevertheless, as discussed and explained in the R&R, (R. 12, PageID# 1477–79), an ALJ must explain how the evidence supports the result. *Fleischer*, 774 F. Supp. 2d at 877. In doing so, however, an ALJ "may not overlook or ignore contrary lines of evidence." *Knott v. Kijakazi*, No. 3:22cv2149, 2023 WL 5044434, at *13 (N.D. Ohio June 22, 2023) (citing *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 724 (6th Cir. 2014); *Germany-Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008)).

Here, the ALJ concluded that Plaintiff's "allegations of his hands locking up and acute pain in the right shoulder [we]re not corroborated by the record." (R. 6, PageID# 46, Tr. 18). He based this conclusion in part on reasoning that Plaintiff had "not shown any significant tenderness over the right shoulder joint" and his treatment records did not "document any episodes of his hands being locked up." *Id.* (citing *id.* at PageID# 611, Tr. 583). In fact, contrary to the ALJ's assertions, the objective medical evidence shows Plaintiff had pain in the bicipital

6

groove of his right shoulder on examination and received multiple steroid injections to treat "chronic [right] shoulder pain." (*Id.* at PageID# 663, 683–84, 689–93, 703–07, 712–14, Tr. 635, 655–56, 661–65, 675–79, 684–86). Treatment records also document Plaintiff complaining of his fingers locking up, which his doctor found consistent with recurrent left carpal tunnel syndrome and suspected median neuritis. (*Id.* at PageID# 680–81, Tr. 652–53). When an ALJ's reasoning is "based in part on an inaccurate description of evidence," courts have "repeatedly … held that the ALJ failed to build an accurate and logical bridge between the evidence and the result." *Figueroa ex rel. E.A.R.F. v. Comm'r of Soc. Sec. Admin.*, No. 1:20cv1765, 2021 WL 6280389, at *14 (N.D. Ohio Dec. 13, 2021) (compiling cases), *report & recommendation adopted*, 2022 WL 44662 (N.D. Ohio Jan. 5, 2022). By asserting that Plaintiff had not shown any significant right shoulder tenderness and the treatment records documented no episodes of Plaintiff's hands locking up, (R. 6, PageID# 46, Tr. 18 (citing *id.* at PageID# 611, Tr. 583)), when, in fact, the record directly contradicts these assertions, (*id.* at PageID# 663, 680–81, 683–84, 689–93, 703–07, 712–14, Tr. 635, 652–53, 655–56, 661–65, 675–79, 684–86), the ALJ inaccurately described the evidence. By failing to discuss these aspects of the record, the ALJ improperly "overlook[ed] or ignore[d] contrary lines of evidence." *See Knott*, 2023 WL 5044434, at *13. The evidence of Plaintiff's right bicipital groove pain, treatment for chronic right shoulder pain, and reports of his fingers locking up directly contradicts the ALJ's reasoning. Because the ALJ's reasoning rested in part on a significant mischaracterization of the evidence and overlooked or ignored contrary evidence directly relevant to the analysis, the Court cannot find that the ALJ's RFC determination is supported by substantial evidence. *See Fleischer*, 774 F. Supp. 2d at 877; *Figueroa ex rel. E.A.R.F.*, 2021 WL 6280389, at *14; *Knott*, 2023 WL 5044434, at *13.

These errors are problematic as they prevent the Court from determining whether

substantial evidence supports the ALJ's determination that Plaintiff could perform frequent right upper extremity reaching and bilateral fingering and handling. Thus, remand is required to permit the Commissioner to evaluate the evidence relevant to Plaintiff's right upper extremity and issue a new decision. This decision, however, should not be construed as the Court expressing any views regarding the weight of the evidence, the merits of Plaintiff's underlying claims, or the Commissioner's determination upon remand.

### III. Conclusion

The Court has carefully reviewed the Report and Recommendation according to the above-referenced standard as well as the ALJ's decision and the Commissioner's objection. The Court agrees with the Magistrate Judge's resolution of the issues raised. Therefore, the Magistrate Judge's R&R, (R. 12), is hereby ADOPTED, and the Commissioner's objections, (R. 13), are OVERRULED. The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this decision and the R&R.

IT IS SO ORDERED.

Date: April 4, 2025

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge